GARBARINI FITZGERALD P.C.
250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

February 27, 2019

VIA ECF

Hon. Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Simon J. Bruchett Photography, Inc. v. A.P, Moller Maersk A/S,* 19-cv-15786 (DAB)
             Response to Defendant's Correspondence Dated February 26, 2019. (Dkt. No. 7.)

Your Honor:

      I represent the plaintiff in the above-referenced matter, and write in response to the correspondence submitted by defendant dated February 26, 2019. (Dkt. No. 7.) The copyright registrations, issues, and allegations before this Court, are completely different than what are before the Court in *Simon J. Burchett Photography, Inc. v. Containers Direct, LLC et ano*, 18-cv-12134 (the "Containers" matter).[1] Plaintiff could not have litigated in Containers the issues before this Court because it did not satisfy the jurisdictional prerequisites until after the Containers decision. Consequently, the issues before this court were not, and could not, be brought in Containers.

## COPYRIGHT REGISTRATIONS AT ISSUE ARE DIFFERENT AND THE PLAINTIFF COULD NOT HAVE ADVANCED CLAIMS ON THE REGISTRATION HERE

      In its letter, defendant makes one critical error – it overlooks the fact that the application for U.S. Copyright Registration at issue here was filed on February 20, 2019, which is nearly one month after the decision in Containers was made. The registration here is not the subject of litigation, in any way, in Containers. See **Exhibit 1.** Judge Rakoff's decision, which plaintiff is seeking a reconsideration, was on February 10, 2019.[2] The Containers matter exclusively concerns

---

[1] No summons has been issued for defendant in Containers, it has not been served with the complaint, nor has it participated in the Containers matter in any way.

[2] Judge Rakoff dismissed the Containers matter for failure to prosecute after three days. A hearing was scheduled on January 28, 2019 for February 7, 2019. Due to a fairly serious medical condition, plaintiff was unable to attend. Judge Rakoff then gave three days before dismissal, which was impossible for counsel to comply with. When plaintiff's

U.S. Copyright Registration No. VA2 019-846, and this matter deals solely with Registration Application No. 1-743735837.

It is axiomatic that "[p]laintiff must show compliance with copyright statutes to be entitled to maintain suit for infringement of copyright. *Davies v Bowes*, 219 F 178 (2d Cir. 1914). Plaintiff could not have filed for protection of an unregistered image, because that is expressly prohibited by 17 U.S.C. § 411(a). Plaintiff can, however, file a matter for infringement of a pending application. See 17 U.S.C. § 411(a); *Diamond Collections, LLC v. Underwraps Costume Corp*., 2019 U.S. Dist. LEXIS 11737 (this Court agrees that "[g]iven that the claimant who has submitted an application that has yet to be acted upon at that juncture has done all that she can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats her application, it makes little sense to create a period of "legal limbo" in which suit is barred." (quoting *Chevrestt v. Am. Media, Inc*., 204 F. Supp. 3d 629, 631 (S.D.N.Y. 2016)); *Chevrestt v. Am. Media, Inc*., 204 F. Supp. 3d 629, 631 (S.D.N.Y. 2016) ("It is hard to see what public, private, or statutory interest is served or harmed by requiring [plaintiff] to wait, and re-file his action after his application is approved or denied, when he has already done everything he can to obtain that result.").

The rights plaintiff seeks to protect here vested after the decision in Containers.

### THE ISSUES BEFORE EACH COURT ARE DIFFERENT

All issues before the Court in Containers are arguably subject to an arbitration provision from a prior settlement involving Registration No. VA2 019-846. On January 29, 2019, plaintiff agreed to arbitrate the claims in the Containers matter. Plaintiff even asked defendant if it would like to arbitrate all claims, including the claims before this Court which are not subject to the arbitration provision. **Exhibit 2**. Defendant's response was a resounding "No", necessitating the within action.

### THE ALLEGATIONS IN EACH MATTER ARE DIFFERENT

There are thirty-nine recitals pertaining to defendant in the Containers matter. There are one hundred nineteen alleged here. While some alleged facts overlap, the issues do not. The rights in which protection is sought before this Court are wholly independent of the Containers matter. In fact, a ruling in the Containers matter would only effect Registration No. VA2 019-846.

---

counsel was back working, defendant Containers was in Asia, thus the delay in scheduling a telephone call with the Judge.+

## MATTERS ARE NOT SUBSTANTIALLY SIMILIAR

With respect to the Civil Cover Sheet, "Similar Matters" asks whether the matters are "essentially the same". This matter involves different copyrights, has different parties, advances different allegations, and seeks to protect different rights.

Plaintiff has arranged for a phone conference in the Containers matter on March 3, 2019. Even if that Court grants plaintiff's application and restores that matter, there would be no impact on this matter because defendant Maersk would be dismissed in favor of arbitration.

Garbarini FitzGerald p.c.

By: _____
Richard M. Garbarini

Encl.