## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| SIMON J. BURCHETT PHOTOGRAPHY, INC., : | |
| : | Case No. 19-CV-01576-DAB |
| Plaintiff, : | |
| : | Hon. Deborah A. Batts |
| v. : | |
| : | Electronically Filed |
| A.P. MOLLER MAERSK A/S, : | |
| : | |
| Defendant. : | |

_____:

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP

Zoe Phillips
101 Park Avenue
New York, New York 10178
zoe.phillips@morganlewis.com
Tel: 212-309-6000
Fax: 212-309-6001

David W. Marston Jr. (*to be admitted pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
david.marston@morganlewis.com
Tel: 215-963-5000
Fax: 212-963-5001

DATED: March 15, 2019    *Attorneys for Defendant A.P. Moller Maersk A/S*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................ 1

III. ARGUMENT ..................................................................................................... 8

    A. Plaintiff Has Not Effected Service of Process on APMM ................................... 8

    B. The Court Lacks Personal Jurisdiction Over APMM .......................................... 9

    C. The Court Lacks Subject Matter Jurisdiction Because Plaintiff's Claims Are Subject to an Arbitration Provision ............................................................. 12

    D. Plaintiff's Claims Against APMM Were Previously Dismissed With Prejudice in a Case Before Judge Rakoff ......................................................... 16

    E. The Court Must Dismiss This Case Because Plaintiff Has Not Registered Copyright for the Image at Issue ..................................................................... 16

IV. CONCLUSION ................................................................................................ 17

**Cases**

*Ace Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*,
    307 F.3d 24 (2nd Cir. 2002)...................................................................................13

*Arciniaga v. Gen. Motors Corp.*,
    460 F.3d 231 (2nd Cir. 2006)...................................................................13, 14, 15

*AT&T Technologies, Inc. v. Comm's Workers*,
    475 U.S. 643 (1986)................................................................................................12

*Contec Corp. v. Remote Solution Co.*, 398 F.3d 205 (2d Cir. 2005) ...........................13

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
    191 F. Supp. 2d 382 (S.D.N.Y. 2002)...................................................................2, 8

*In re Deutsche Bank AG Sec. Litig.*,
    No. 09-cv-1714-DAB, 2016 WL 4083429 (S.D.N.Y. July 25, 2016) ......................1

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
    722 F.3d 81 (2d Cir. 2013)......................................................................................10

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
    -- S. Ct. --, No. 17-571, 2019 WL 1005829 (Mar. 4, 2019) ...................................16

*Goldberg v. Sovereign Bancorp, Inc.*,
    No. 10-cv-6264-DAB, 2011 WL 13261837 (C.D. Calif. Aug. 19, 2011) ..............12

*Gonnelli v. ZAP Holdings, LLC, et al.*, No. 17-cv-5831-DAB, ECF No. 24
    (S.D.N.Y. Nov. 8, 2018) ..................................................................................13, 14

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2201)..................................................................................................12

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)................................................................................................12

*Kamakazi Music Corp. v. Robbins Music Corp.*,
    684 F.2d 228 (2d Cir. 1982)....................................................................................15

*In re Kingate Mgm't Ltd. Litig.*,
    No. 09-cv-5386-DAB, 2016 WL 5339538 (S.D.N.Y. Sept. 21, 2016).....................2, 9, 10, 12

*Klein v. The Hongkong and Shanghai Hotels, Ltd.*,
    No. 06-cv-377-DAB, 2007 WL 1098735 (N.D. Calif. Apr. 9, 2007).......................8

# TABLE OF AUTHORITIES

*Licci v. Lebanese Canadian Bank, SAL*,
  673 F.3d 50 (2d Cir. 2012)........................................................................................10

*Oldroyd v. Elmira Sav. Bank FSB*,
  134 F.3d 72 (2d Cir. 1998)........................................................................................14

*Penguin Gr. (USA), Inc. v. Am. Buddha*,
  609 F.3d 30 (2d Cir. 2010).....................................................................................9, 10

*Ragone v. Atlantic Video*,
  595 F.3d 115 (2d Cir. 2010)........................................................................................6

*Shaw Grp., Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 122 (2d Cir. 2003) ................14

*Simon J. Burchett Photog., Inc. v. Containers Direct, LLC, et al.*, No. 18-cv-
  12134-JSR .................................................................................................................1

*In re Terrorist Attacks on Sept. 11, 2001*,
  714 F.3d 659 (2d Cir. 2013), *cert. denied sub nom. O'Neill v. Al Rajhi Bank*,
  134 S. Ct. 2870 (2014)..........................................................................................10, 12

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*,
  751 F.2d 117 (2d Cir. 1984)......................................................................................11

## Other Authorities

9 U.S.C. § 2...............................................................................................................12, 13

17 U.S.C. § 408..............................................................................................................5

CPLR § 302(a)(3) ......................................................................................................10, 11

Fed. R. Civ. P. 4(f)........................................................................................................9

Fed. R. Civ. P. 4(h)........................................................................................................9

Fed. R. Civ. P. 12(b) ............................................................................................... *passim*

Rule 11(b), JAMS Expedited Procedures ...............................................................13, 14

## I.     INTRODUCTION

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant A.P. Moller Maersk A/S ("APMM") moves to dismiss the First Amended Complaint filed by Plaintiff Simon J. Burchett Photography, Inc. ("Plaintiff").  This case should be dismissed for five independent reasons.  First, this case should be dismissed under Rule 12(b)(5) because Plaintiff did not effect service of process on APMM.  Second, Plaintiff has not established that the Court has personal jurisdiction over APMM, a Danish company with its principal place of business in Copenhagen, Denmark.  Third, the Court lacks subject matter jurisdiction because Plaintiff and APMM entered into a Settlement and Release Agreement effective December 18, 2018, which covers the claims at issue and contains an arbitration provision.  Finally, the First Amended Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) for two reasons: (i) the claims against APMM in this case were previously asserted in a case before the Honorable Jed S. Rakoff[1] that was dismissed with prejudice; and (ii) the copyrighted image at issue has not been registered by the U.S. Copyright Office, a prerequisite to state a claim for copyright infringement.  Accordingly, APMM respectfully requests that the Court dismiss this case.

## II.     BACKGROUND

This section relies on (i) well-pleaded, factual allegations from the pleadings in this case and the action before Judge Rakoff, which are accepted as true *solely* for purposes of this motion, *In re Deutsche Bank AG Sec. Litig.*, No. 09-cv-1714-DAB, 2016 WL 4083429, at *14 (S.D.N.Y. July 25, 2016) ("on a motion to dismiss, this Court accepts as true all well-pleaded factual allegations."); and (ii) the facts in the accompanying Declaration of Mark Krsulic (the "Krsulic

---

[1]      *Simon J. Burchett Photog., Inc. v. Containers Direct, LLC, et al.*, No. 18-cv-12134-JSR.

Decl."), which may be considered in connection with the motion to dismiss under Rules 12(b)(1), 12(b)(2) and 12(b)(5). *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ("Similar to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, in considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction."); *In re Kingate Mgm't Ltd. Litig.*, No. 09-cv-5386-DAB, 2016 WL 5339538, at *2 (S.D.N.Y. Sept. 21, 2016) ("At the motion to dismiss phase, the prima facie showing [of personal jurisdiction under Rule 12(b)(2)] may be established by . . . affidavits and supporting materials . . . .").

1.      In November 2006, Simon Burchett was retained by engine manufacturer Wärtsilä for the purpose of taking a series of aerial photographs of a container ship named the Estelle Maersk, on its maiden voyage in the waters off Spain. *See* ECF No. 9 ¶ 27; Case No. 18-cv-12134-JSR, ECF No. 14 ¶ 34.

2.      On November 7, 2006, when the Estelle Maersk started her maiden voyage, Mr. Burchett contacted the captain of the Estelle Maersk from an aircraft to request permission to fly within 500 feet of the vessel. *See* ECF No. 9 ¶¶ 30 & 33; Case No. 18-cv-12134-JSR, ECF No. 14 ¶ 35. The captain agreed and requested to see the photographs in the event APMM might want to license the photographs. *See* ECF No. 9 ¶ 30; Case No. 18-cv-12134, ECF No. 14 ¶ 37.

3.      Mr. Burchett subsequently took 45-50 images of the Estelle Maersk, some of which he sent to APMM for review. ECF No. 9 ¶¶ 34 & 37; *see also* Case No. 18-cv-12134-JSR, ECF No. 14 ¶ 37.

4.      On January 2, 2007, Mr. Burchett and APMM entered into an Unlimited Usage License, which gave APMM permission to use 15 images of the Estelle Maersk "within the company A.P. Moller Maersk only." ECF No. 9-1; Case No. 18-cv-12134-JSR, ECF No. 14-5.

5.      On November 9, 2018, Mr. Burchett assigned his copyrights with respect to certain photographs of the Estelle Maersk to Plaintiff, a company owned 100% by Mr. Burchett. *See* ECF No. 9 ¶ 23; Case No. 18-cv-12134-JSR, ECF No. 14-2.

6.      On the same day, Plaintiff's counsel sent a letter to APMM on Plaintiff's behalf accusing APMM of violating the terms of its Unlimited Usage License and committing copyright infringement by publishing images of the Estelle Maersk on APMM's Flickr page and other websites without authorization. Krsulic Decl. ¶ 5.

7.      Plaintiff and APMM subsequently entered into a Settlement and Release Agreement effective December 18, 2018 (the "Settlement Agreement"), in which Plaintiff released claims relating to images of the Estelle Maersk. *Id.* ¶ 6 & Ex. A; Case No. 18-cv-12134-JSR, ECF No. 14 ¶¶ 60-61. Specifically, the release covers all claims relating to:

> [APMM's] alleged unauthorized publication of any and all of [Plaintiff's] copyrighted images of the Estelle Maersk existing on [APMM's] Flickr page, and [APMM's] website, and its social media channels, as of the Effective Date (the "Images").

Krsulic Decl., Ex. A.

8.      Section 20 of the Settlement Agreement contains an arbitration provision, which provides, in relevant part:

> The Parties agree that any dispute under, concerning or relating to the terms and/or enforcement of this Agreement shall be submitted for binding non-appealable arbitration in New York, New York before a single arbitrator affiliated with JAMS and pursuant to the JAMS Expedited Procedures (an "Arbitration").

*Id.* § 20.

9.     Notwithstanding the Settlement Agreement, on January 26, 2019, Plaintiff filed a First Amended Complaint in a case before Judge Rakoff, purporting to assert copyright infringement claims against APMM relating to Mr. Burchett's photographs of the Estelle Maersk.  Case No. 18-cv-12134-JSR, ECF No. 11.

10.    When Plaintiff filed its First Amended Complaint against APMM in the case before Judge Rakoff, Plaintiff requested that the Clerk of Court issue a Summons addressed to APMM at "Esplanaden 50, Copenhagen K, Copenhagen, 1098, Denmark."  Case No. 18-cv-12134, ECF No. 12.

11.    Plaintiff did not, however, serve APMM in that case with the Summons or a copy of the First Amended Complaint.  *See* ECF No. 8 at 1 n.1 ("[APMM] has not been served with the complaint, nor has it participated in the Containers matter in any way.").

12.    On February 11, 2019 – after Plaintiff's counsel failed to appear at the initial pretrial conference, Judge Rakoff dismissed the case "without prejudice to being reinstated if plaintiff's counsel provides the Court, within three (3) business days of the signing of this Order, with a sworn affidavit indicating why he has not appeared or responded to the Court's communications."  Case No. 18-cv-12134, ECF No. 16.

13.    Plaintiff's counsel did not comply with that Order, despite several extensions of time to do so, and on March 11, 2019, Judge Rakoff confirmed that his dismissal was *with prejudice*.  Case No. 18-cv-12134, ECF No. 19.

14.    On February 20, 2019 – just nine days after Judge Rakoff dismissed Plaintiff's case against APMM – Plaintiff filed a new action against APMM, which was randomly assigned to this Court.  ECF No. 1.

15.    Plaintiff's Complaint in this case is remarkably similar to its First Amended

Complaint in the action before Judge Rakoff. For example:

- The pleadings contain the same allegations concerning Mr. Burchett's photography of the Estelle Maersk. *Compare* ECF Nos. 1 ¶¶ 25-40 & 9 ¶¶ 25-43 *with* Case No. 18-cv-12134-JSR, ECF No. 14 ¶¶ 22-26 & 32-41.

- Both pleadings allege that APMM violated the Unlimited Usage License and committed copyright infringement by using images of the Estelle Maersk without authorization. *Compare* ECF Nos. 1 ¶¶ 41-66 & 9 ¶¶ 44-64 *with* Case No. 18-cv-12134-JSR, ECF No. 14 ¶¶ 42-64.

- At least some of the images of the Estelle Maersk that APMM is alleged to have used without authorization in the two pleadings appear identical:

 

ECF Nos. 1 at 9 & 9 at 10; Case No. 18-cv-12134-JSR, ECF No. 14 at 8.

 

ECF Nos. 1 at 11 & 9 at 12; Case No. 18-cv-12134-JSR, ECF No. 14 at 8.

 

ECF Nos. 1 at 6 & 9 at 5; Case No. 18-cv-12134-JSR, ECF No. 14 at 9.

- Both pleadings allege that Jonathan Wichmann, a former Maersk employee, posted the images of the Estelle Maersk on his personal website and blog. *Compare* ECF Nos. 1 ¶¶ 67-85 & 9 ¶¶ 72-92 *with* Case No. 18-cv-12134-JSR, ECF No. 14 ¶¶ 55-59.

- Both pleadings allege that APMM violated the DMCA by changing the copyright authorship information on Plaintiff's photographs. *Compare* ECF Nos. 1 ¶¶ 102-118 & 9 ¶¶ 109-124 *with* Case No. 18-cv-12134-JSR, ECF No. 14 ¶¶ 65-72.

16.     Nevertheless, Plaintiff did not indicate on the civil cover sheet that "this action, case, or proceeding, or one essentially the same" had been previously filed in SDNY before Judge Rakoff. *See* ECF No. 7.

17.     Although Plaintiff's counsel had previously requested a Summons addressed to APMM in Copenhagen, Denmark in the case before Judge Rakoff, in this case, Plaintiff's counsel requested a Summons addressed to APMM at "180 Park Ave., lorham (*sic*) Park, NJ 07932." ECF No. 5.

18.     On February 22, 2019, Plaintiff purported to serve APMM with the Summons and a copy of the Complaint at 180 Park Avenue in Florham Park, NJ 07932. Krsulic Decl. ¶ 7.

19.     APMM does not have a place of business at 180 Park Avenue in Florham Park, New Jersey, and APMM has not given written authorization to anyone working at that address to accept service of process on its behalf. *Id.* ¶ 8.

20.     APMM is a Danish Company with its principal place of business in Copenhagen, Denmark. *Id.* ¶ 9. APMM has not received service of process in Denmark under The Hague Convention or by any other means. *Id.*

21.     On February 27, 2019, Plaintiff's counsel sent a letter to the Court arguing that this case was not related to the case before Judge Rakoff because this case supposedly concerns

an image of the Estelle Maersk which had not yet been submitted for registration at the time of Judge Rakoff's dismissal. *See* ECF No. 8 at 1-2.

22. According to counsel's letter, Plaintiff did not submit an application to register the image at issue in this case until February 20, 2019. *Id.* Plaintiff's counsel also argued that "Plaintiff can, however, file a matter for infringement of a pending application." *Id.*

23. The image and registration/application information in the Complaint, however, differed from the information set forth in counsel's letter to the Court. *Compare* ECF No. 1 ¶¶ 15 & 26 (stating that image at issue is titled "_7AO984" and was "registered for copyright protection with the U.S. Copyright Office on January 17, 2019") *with* ECF No. 8 at 1-2 (stating that this action concerns "Application No. 1-743735837" submitted on February 20, 2019).

24. On February 28, 2019, Plaintiff filed a First Amended Complaint, apparently to correct these mistakes. *See* ECF No. 9 ¶¶ 15 & 26. Nevertheless, inconsistencies remain. For example, while counsel's letter claims the copyright registration application was submitted on February 20, 2019, ECF No. 8 at 1-2, the First Amended Complaint alleges that the application was submitted on February 20, 2017. ECF No. 9 ¶ 15.

25. The First Amended Complaint asserts that personal jurisdiction exists over APMM based on the New York long-arm statute, specifically CPLR § 302(a)(3). *Id.* ¶ 17.

26. Plaintiff argues this provision is satisfied because APMM allegedly committed copyright infringement outside New York, injuring Plaintiff in New York, and:

> Defendant is a shipping company that regularly conduct or solicit business, or engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in this State. Defendant's website contains a searchable vessel tracker. A search of the past six months shows defendant delivers a massive containership of goods to the Staten Island Port an average of 27 times a month.

ECF No. 9 ¶¶ 18-20.  As set forth in the Krsulic Declaration, however, these allegations are not accurate with respect to APMM.

27.     Contrary to the allegations in the First Amended Complaint, APMM is not a "shipping company that regularly conduct[s] or solicit[s] business, or engage[s] in other persistent course of conduct, or derive[s] substantial revenue from goods used or consumed or services rendered, in this State."  Krsulic Decl. ¶ 10.

28.     Additionally, APMM does not deliver "massive containership of goods to the Staten Island Port an average of 27 times a month."  *Id.* ¶ 11.  Maersk Line A/S and other APMM subsidiaries are the shipping companies that own or charter the container ships referenced in the First Amended Complaint.  *Id.*

29.     APMM does not have a place of business in the United States.  *Id.* ¶ 12.

## III.    ARGUMENT

### A.      <u>Plaintiff Has Not Effected Service of Process on APMM.</u>

This action should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff has not effected service of process on APMM.  "When a defendant challenges the sufficiency of service of process, 'the plaintiff bears the burden of proving its adequacy.'"  *Klein v. The Hongkong and Shanghai Hotels, Ltd.*, No. 06-cv-377-DAB, 2007 WL 1098735, at *4 (N.D. Calif. Apr. 9, 2007) (quoting *Darden*, 191 F. Supp. 2d at 387).  "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served."  *Darden*, 191 F. Supp. 2d at 387.  In deciding a Rule 12(b)(5) motion, the court "must look to matters outside the complaint to determine whether it has jurisdiction."  *Id.*

APMM is a Danish Company with its principal place of business in Copenhagen, Denmark.  Declaration of Mark Krsulic ("Krsulic Decl.") ¶ 9.  Plaintiff knows this.  Indeed, when Plaintiff filed his First Amended Complaint against APMM in the case before Judge

Rakoff, Plaintiff specifically requested that the Clerk of Court issue a Summons addressed to APMM at "Esplanaden 50, Copenhagen K, Copenhagen, 1098, Denmark."  Case No. 18-cv-12134-JSR, ECF No. 12.  In this case, however, Plaintiff inexplicably requested a Summons addressed to APMM at "180 Park Ave., lorham (*sic*) Park, NJ 07932."  ECF No. 5.  APMM does not have a place of business at 180 Park Avenue in Florham Park, New Jersey, and APMM has not given written authorization to anyone working at that address to accept service of process on its behalf.  Krsulic Decl. ¶ 8.  Thus, Plaintiff's attempt to serve APMM at 180 Park Avenue in Florham Park, New Jersey is not effective.

Rule 4(h) of the Federal Rules of Civil Procedure provides the means by which a foreign corporation such as APMM may be effectively served with process.  A corporation may be served at a place outside of any United States judicial district "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f)(1) provides that service may be made: "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  As set forth in the Krsulic Declaration, APMM has not received service of process in Denmark under The Hague Convention or by any other means.  Krsulic Decl. ¶ 9.  Accordingly, the Court should grant APMM's motion to dismiss for lack of service of process under Rule 12(b)(5).

### B.      The Court Lacks Personal Jurisdiction Over APMM.

This action should also be dismissed under Rule 12(b)(2) because Plaintiff has not established that the Court has personal jurisdiction over APMM.  It is well established that the plaintiff bears the burden of demonstrating that personal jurisdiction exists over the defendant. *Penguin Gr. (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010); *In re Kingate*, 2016 WL

53395538, at *30. In order to survive a motion to dismiss, a plaintiff must make a *prima facie* showing that jurisdiction exists. *Penguin Gr.*, 609 F.3d at 34-35. The Court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013). However, the Court "will not draw argumentative inferences in the plaintiff's favor" nor "accept as true a legal conclusion couches as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013), *cert. denied sub nom. O'Neill v. Al Rajhi Bank*, 134 S. Ct. 2870 (2014). Where the plaintiff alleges that jurisdiction exists under the state's long-arm statute, the Court first considers "whether the requirements of the statute have been satisfied before proceeding to address whether the exercise of personal jurisdiction would comport with the Due Process Clause." *In re Kingate*, 2016 WL 5339538, at *30 (quoting *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012)).

Plaintiff alleges that personal jurisdiction exists over APMM based on the New York long-arm statute, specifically CPLR § 302(a)(3). ECF No. 9 ¶ 17. CPLR § 302(a)(3) allows a court to exercise personal jurisdiction over a defendant who "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he:

> (i)     regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii)    expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

CPLR § 302(a)(3). Plaintiff argues this provision is satisfied because APMM allegedly committed copyright infringement outside New York, injuring Plaintiff in New York, and:

> Defendant is a shipping company that regularly conduct or solicit business, or engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in this State. Defendant's website contains a searchable vessel tracker. A search of the past six months shows defendant delivers a massive containership of goods to the Staten Island Port an average of 27 times a month.

ECF No. 9 ¶¶ 18-20. As set forth in the Krsulic Declaration, however, these allegations are not accurate with respect to APMM.

Contrary to the allegations in the First Amended Complaint, APMM is not a "shipping company that regularly conduct[s] or solicit[s] business, or engage[s] in other persistent course of conduct, or derive[s] substantial revenue from goods used or consumed or services rendered, in this State." Krsulic Decl. ¶ 10. Additionally, APMM does not deliver "massive containership of goods to the Staten Island Port an average of 27 times a month." *Id.* ¶ 11. Maersk Line A/S and other APMM subsidiaries are the shipping companies that own or charter the containerships referenced in the First Amended Complaint. *Id.* ¶ 11. It is well established that the presence of a subsidiary alone does not establish the parent company's presence in the state. *See Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984) ("It is true that the presence of a local corporation does not create jurisdiction over a related, but independently managed, foreign corporation."). Thus, Plaintiff fails to meet its burden to establish personal jurisdiction over APMM under CPLR § 302(a)(3) of the New York long-arm statute.

Plaintiff also fails to establish that the exercise of personal jurisdiction over APMM would satisfy the due process requirements. The exercise of personal jurisdiction over a non-resident defendant requires "certain minimum contacts with [the forum state], such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The minimum contacts test rests on whether a defendant's 'conduct and connection with the forum state' are such that it 'should reasonably anticipate being haled into court there.'"  *In re Kingate*, 2016 WL 5339538, at *31 (quoting *In re Terrorist Attacks*, 714 F.3d at 673).  As set forth above, Plaintiff has not offered any facts to support the exercise of personal jurisdiction over APMM.  *See* Krsulic Decl. ¶¶ 8-12. Rather, the factual allegations of the First Amended Complaint relate solely to APMM's subsidiary.  *Id.* ¶¶ 10-11.  Moreover, APMM does not have an established place of business in the United States.  *Id.* ¶ 12.  Accordingly, Plaintiff fails to carry its burden with respect to personal jurisdiction and the First Amended Complaint should be dismissed under Rule 12(b)(2).

### C. The Court Lacks Subject Matter Jurisdiction Because Plaintiff's Claims Are Subject to an Arbitration Provision.

"When an enforceable arbitration agreement covers the claims asserted in a lawsuit, the court lacks subject-matter jurisdiction over the dispute, and the complaint should be dismissed." *Goldberg v. Sovereign Bancorp, Inc.*, No. 10-cv-6264-DAB, 2011 WL 13261837, at *2 (C.D. Calif. Aug. 19, 2011).  "The question of whether the parties have submitted a particular dispute to arbitration, *i.e.*, the *question of arbitrability*, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise."  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2201) (emphasis in original) (citing *AT&T Technologies, Inc. v. Comm's Workers*, 475 U.S. 643, 649 (1986)).  When a court is called on to determine whether a dispute is subject to arbitration, dismissal is appropriate when the pleadings, discovery, materials on file, and any affidavits show that there is no genuine issue as to any materials fact concerning the existence and scope of the agreement to arbitrate.  *Goldberg*, 2011 WL 13261837, at *2.

The Federal Arbitration Act ("FAA") provides that "an agreement to arbitration of an existing controversy . . . shall be valid, irrevocable and enforceable."  *See* 9 U.S.C. § 2.  Where a

contract contains an arbitration clause, there is a "'presumption of arbitrability.'" *Ace Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 28-29 (2nd Cir. 2002). "In determining whether a contract contains an agreement to arbitrate, and whether that arbitration applies to a given dispute, all doubts "should be resolved in favor of arbitrability." *Id.* at 28. Indeed, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied." *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2nd Cir. 2006). Thus, "the burden lies with the party attempting to avoid arbitration" to show that the arbitration provision does not apply. *Id.* at 235.

Moreover, "it is settled law in this Circuit that when the parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, 'the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.'" *Gonnelli v. ZAP Holdings, LLC, et al.*, No. 17-cv-5831-DAB, ECF No. 24 at 9 (S.D.N.Y. Nov. 8, 2018) (quoting *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005)) (other citations omitted). The arbitration provision in the Settlement Agreement clearly vests the "question of arbitrability" to the arbitrator. The provision states, in relevant part:

> The Parties agree that any dispute under, concerning or relating to the terms and/or enforcement of this Agreement shall be submitted for binding non-appealable arbitration in New York, New York before a single arbitrator affiliated with JAMS and pursuant to the JAMS Expedited Procedures (an "Arbitration").

Krsulic Decl., Ex. A § 20. The JAMS Expedited Procedures expressly grant the arbitrator the authority to decide questions of arbitrability. Rule 11(b) provides, in relevant part:

> (b) Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-16-1. Thus, the question of arbitrability has been clearly and unmistakably delegated in writing to an arbitrator in the Settlement Agreement. *See Gonnelli*, Case No. 17-cv-05831-DAB, ECF No. 24 at 1011; *Shaw Grp., Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 122 (2d Cir. 2003).

Even if this Court were to consider the question of arbitrability, notwithstanding the parties' agreement and Rule 11(b) of the JAMS Expedited Procedures, the outcome is the same – Plaintiff's claims are covered by the Settlement Agreement and its arbitration clause. The Second Circuit has enumerated four factors to be considered when deciding whether a dispute is subject to arbitration: (1) whether the parties agreed to arbitrate; (2) whether the dispute falls within the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended the statutory claims to be nonarbitrable; and (4) whether the Court should stay the balance of the proceeding pending arbitration, if not all claims are arbitrable. *Arciniaga*, 460 F.3d at 234 (citing *Oldroyd v. Elmira Sav. Bank FSB*, 134 F.3d 72, 76 (2d Cir. 1998). Each of these factors is met in this case.

***First***, it is undisputed that Plaintiff and APMM entered into a Settlement and Release Agreement effective December 18, 2018 (the "Settlement Agreement"), which contains an arbitration provision. Krsulic Decl. ¶ 6 & Ex. A § 20.

***Second***, the claims in this case fall squarely within the scope of the arbitration provision. The First Amended Complaint asserts copyright infringement claims relating to APMM's alleged unauthorized use of Plaintiff's copyrighted images of the containership Estelle Maersk on APMM's website and Flickr page. ECF No. 9 ¶¶ 25-64. However, in the Settlement Agreement – which contains the arbitration provision – Plaintiff released all such claims. The release expressly covers all claims relating to:

> [APMM's] alleged unauthorized publication of any and all of [Plaintiff's] copyrighted images of the Estelle Maersk existing on [APMM's] Flickr page, and [APMM's] website, and its social media channels, as of the Effective Date (the "Images").

Krsulic Decl., Ex. A at 1. Therefore, the claims in this case are covered by the Settlement Agreement and any disputes relating thereto are subject to arbitration.

Plaintiff may be trying to argue that images of the Estelle Maersk that were not registered with the U.S. Copyright Office at the time of the settlement are not covered by the Settlement Agreement. This argument is without merit. The Settlement Agreement covers any and all "copyrighted images of the Estelle Maersk," not any and all "copyrighted images of the Estelle Maersk *that have been registered with the U.S. Copyright Office*." Copyright protection begins when an author creates a work by fixing it on a tangible medium of expression. Registration is irrelevant to the existence of a copyright. *See* 17 U.S.C. § 408 ("registration is not a condition of copyright protection"). Therefore, any attempt by Plaintiff to exclude an image of the Estelle Maersk from the Settlement Agreement – after the parties executed that agreement – on the grounds that that image was not "registered with the U.S. Copyright Office" is without merit and should be rejected.

**Third**, Congress has not stated that copyright claims are nonarbitrable. On the contrary, courts have repeatedly upheld agreements to arbitrate claims arising under the Copyright Act. *See, e.g., Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228 (2d Cir. 1982). "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Arciniaga.*, 460 F.3d at 235.

**Finally**, the fourth factor is applicable only where all claims are not subject to arbitration. Here, as noted above, all of Plaintiff's claims are covered by the Settlement Agreement and

therefore subject to the arbitration provision contained therein.  Dismissal of this action is

therefore appropriate.  *See, e.g., Ragone v. Atlantic Video*, 595 F.3d 115 (2d Cir. 2010).

### D. Plaintiff's Claims Against APMM Were Previously Dismissed With Prejudice in a Case Before Judge Rakoff.

This case should be dismissed under Rule 12(b)(6) because Plaintiff previously filed its

claims against APMM in a case before Judge Rakoff that was dismissed with prejudice.  As set

forth in detail in Background section, there is no question that the pleadings in the two actions

overlap.  *Supra* § II, ¶ 15.  Most importantly, the pleadings in both cases appear to cover the

same images of the Estelle Maersk.  *Supra* § II, ¶ 15.  On March 11, 2019, Judge Rakoff

dismissed the case before him *with prejudice*, and Plaintiff has appealed that decision.  *See* Case

No. 18-cv-12134-JSR, ECF Nos. 18 & 19.  Accordingly, this case should be dismissed, subject

to reinstatement before Judge Rakoff only in the event that Plaintiff prevails on appeal.

### E. The Court Must Dismiss This Case Because Plaintiff Has Not Registered Copyright for the Image at Issue.

Finally, this case must be dismissed because Plaintiff has not yet registered copyright for

the image at issue.  According to the First Amended Complaint, Plaintiff has applied for

copyright registration, but the U.S. Copyright Office has not yet acted on that application.  *See*

ECF No. 9 ¶ 15; ECF No. 8 at 1-2.  At the time Plaintiff filed this action, there was a split of

authority regarding whether a pending application was sufficient to file a lawsuit for copyright

infringement.  *See, e.g.* ECF No. 8 at 2 (citing cases).  On March 4, 2019, the U.S. Supreme

Court held that a copyright holder may commence suit when the Copyright Office registers a

copyright, not when a copyright owner submits the application for registration.  *Fourth Estate

Public Benefit Corp. v. Wall-Street.com, LLC*, -- S. Ct. --, No. 17-571, 2019 WL 1005829, at *2

(Mar. 4, 2019).  Accordingly, this case must be dismissed for this additional reason.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant A.P. Moller Maersk A/S respectfully requests

that the Court dismiss Plaintiff's First Amended Complaint.

MORGAN, LEWIS & BOCKIUS LLP

DATED:  March 15, 2019                    By: : _/s/  Zoe Phillips_____

                                       Zoe Phillips (ZR2563)
101 Park Avenue
New York, New York 10178
zoe.phillips@morganlewis.com
Tel: 212-309-6000
Fax: 212-309-6001

David W. Marston Jr. (*to be admitted pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
david.marston@morganlewis.com
Tel: 215-963-5000
Fax: 212-963-5001

*Attorneys for Defendant A.P. Moller Maersk A/S*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing document to be served upon all counsel of record by operation of the Court's Electronic Notification system this 15th day of March, 2019.

*/s/ Zoe Phillips*

Zoe Phillips