**GARBARINI FITZGERALD P.C.**
250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

March 25, 2019

VIA ECF

Honorable Deborah A. Batts
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*, **19-cv-1576 (DAB)**
             <u>Request for Permission to File a Mtion toVoluntarily Withdraw Pursuant to Rule 41(a)(2)</u>

Your Honor:

      I represent the plaintiff in the above-matter and write pursuant to Your Honor's Ind. R. of Prac. II(B) to request permission to file a motion to voluntarily withdraw this matter pursuant to Rule 41(a)(2). Defendant was contacted and a dismissal pursuant to Rule 42(a)(1)(A)(ii) was forwarded. Defendant has not responded. Consequently, plaintiff now seeks leave of the Court to voluntarily withdraw.

      Plaintiff filed the original Complaint on February 20, 2019. (Dkt. No. 1). An Amended Complaint was filed eight days later on February 28, 2019. (Dkt. No. 9). Defendant filed a Motion to Dismiss on May 15, 2019. (Dkt. No. 10). There is no scheduling order yet in this matter.

      "Under Rule 41(a)(2) 'the essential question is whether the dismissal of the action will be unduly prejudicial to the defendants; if so, plaintiffs' motion should be denied. If not, it should be granted . . . .' This rationale applies even when . . . the plaintiff seeks a dismissal with prejudice . . . ." *Wainwright Secs. Inc. v. Wall St. Transcript Corp*., 80 F.R.D. 103, 105 (S.D.N.Y. 1978). "A voluntary dismissal may, at the discretion of the trial court, be granted if prejudice will not result to

the other party." *SEC v. American Bd. of Trade*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990) (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).

There will be no prejudice here in allowing plaintiff to withdraw. This matter involves the wholesale copying of plaintiff's copyrighted image of the Estelle Maersk, U.S. Copyright Application No. 1-74373583. The only event to date is the Motion to Dismiss, which defendant is free to file should this matter be re-filed after a registration is received.

While preparing an opposition to defendant's motion to dismiss dated May 15, 2019, plaintiff learned that on March 21, 2019 the Second Circuit Court of Appeal for the first time found that an application for registration is insufficient for filing a case pursuant to 17 U.S.C. § 411(a). See *Rock v. Enfants Riches Deprimes*, LLC, 2019 U.S. Dist. Lexis 47127 @ pg. 4 (May 21, 2019 2d. Cir.). This comports with a recent decision by the United States Supreme Court dated March 5, 2019. See *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, __ S.Ct. __, 2019 U.S. Lexis 1730 (S. Ct.), 2019 WL 1005829 (S. Ct.). While ". . .the Second Circuit ha[d previously] avoided taking a position on the question", *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014), other Circuit Courts of Appeal have found it sufficient. See e.g. *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984) (Copyright Office's receipt of application suffices), *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488-89 (11th Cir. 1990) (approving district court's decision to allow suit to proceed only after plaintiff received Copyright Office's response to registration application and amended the complaint). The reasoning of the other Circuit Courts is based on the fact that a party may proceed with litigation if the Register of Copyrights grants the registration or denies it.

This Court need not dismiss the claims, but, in its discretion, may allow plaintiff amend the Complaint once a Registration has been received. See *Laine v. Pride*, No. 09 Civ. 3057, 2010 U.S. Dist. Lexis 3657, 2010 WL 199927, at *4-5 (S.D.N.Y. Jan. 19, 2010) (granting leave to amend a complaint to add copyright infringement claim where registration had already been obtained, but noting that "where a plaintiff files an infringement suit prior to registration of the copyright at issue, district courts have discretion to allow a plaintiff to amend their complaint if they obtain registration after the suit's initiation."); *J. Racenstein & Co., Inc. v. Wallace*, No. 96 Civ. 9222, 1997 U.S. Dist. Lexis 14928, 1997 WL 605107, at *1 (S.D.N.Y. Oct. 1, 1997) ("Where an action is commenced without registration being effected, the defect can be cured by subsequent registration, and an appropriate amendment to the complaint may be made . . . ."); *Demetriades v. Kaufmann*, 680 F. Supp. 658, 661-62 (S.D.N.Y. 1988) (permitting plaintiff, "in the interests of substantial justice," to amend complaint based on subsequent issuance of certificate of copyright registration where litigation was commenced while application was pending).

Rather than wait the approximate one to two months before the registration is granted, plaintiff requests to voluntarily withdraw and will re-file after the registration is received. This is,

respectfully, the best course because plaintiff has also learned that Maersk Line A/S is the appropriate party defendant.

Defendant A.P. Moller Maersk A/S is an international conglomerate.  It is the largest freight shipping company in the world, provides port and inland infrastructure, towage and emergency services at sea, oil and drilling, manufactures dry and refrigerated containers, and freight forwarding and supply chain management.  There are numerous subsidiaries in each area.

Maersk Line A/S is the foreign subsidiary that operates the containership the Estelle Maersk at issue in this matter.  Maersk Line A/S has admitted it is the entity in charge of "carrying goods for hire on ocean going vessels." Exhibit 1.  Pursuant to the New York Secretary of State, Maersk Line A/S is subject to service at C T Corporation System, 28 Liberty St., New York, N.Y. 10005.  See Exhibit 2.

Being that Maersk Line A/S is in charge of operating the Estelle Maersk, it is the appropriate party in interest.  Service on Maersk Line A/S obviates any service related and jurisdictional issues.  This matter is also not subject to the arbitration provision in the prior Settlement Agreement dated December 18, 2018 (the "Agreement"). See Exhibit 3.  That Agreement expressly resolved all claims concerning the "…alleged unauthorized publication of any and all of RELEASOR's copyrighted images of the Estelle Maersk. . .."  The arbitration provision states "The Parties agree that any dispute under, concerning or relating to the terms and/or enforcement of this Agreement shall be submitted for binding non-appealable arbitration in New York."  This matter involves an image that was not copyrighted as of the Effective Date of the Agreement, and cannot relate to the terms or enforcement of that Agreement.

Further, the within matter could not have been part of any previously filed matter.  As the U.S. Supreme Court stated, supra, a party cannot bring an action until the Register of Copyrights grants or denies the registration.

Accordingly, plaintiff requests permission to file a motion to voluntarily dismiss this matter without prejudice pursuant to Rule 41(2) as it involves an incorrectly named defendant, and a filed application.

GARBARINI FITZGERALD P.C.

By: _____
Richard M. Garbarini

cc: Defendant via ECF.