# Exhibit 1

B. Alexander Moghaddam (SBN 141199)
Moghaddam & Jorgensen LLP
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Tel.: (310) 315-3442
Fax: (310) 315-4144
Alex@Moghaddam-jorgensen.com

Attorneys for Plaintiff
MAERSK LINE A/S

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MAERSK LINE A/S,<br><br>    Plaintiff,<br><br>    vs.<br><br>APEX MARITIME CO. (LAX), INC.; APEX MARITIME CO., LTD. (TIANJIN) CO., INC.,<br><br>    Defendants. | Case No.:<br><br>**IN ADMIRALTY**<br><br>**COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING, MONEY DUE UNDER TARIFFS, WORK AND LABOR PERFORMED, OPEN BOOK ACCOUNT, AND BREACH OF CONTRACT** |

Plaintiff MAERSK LINE A/S (hereinafter "MAERSK") for its Complaint herein, alleges:

## JURISDICTION AND VENUE

1.  This is a maritime claim within the admiralty jurisdiction of this Court, within the meaning of Rule 9(h), Federal Rules of Civil Procedure and 28 U.S.C. Section 1333. This is an admiralty and maritime claim in that the claim involves the ocean transportation of goods in international commerce under an ocean bill of lading and an ocean carrier's tariff.

2.  Venue is proper in this District under 28 U.S.C. Section 1391 in that one of the Defendants resides and can be found within the jurisdiction, and the

1  Defendants are subject to personal jurisdiction in this District at the time the action
2  is commenced.

## PARTIES

3.  Plaintiff MAERSK is a business entity organized and existing under the laws of Denmark and, at all material times, was engaged in the business of carrying goods for hire on ocean-going vessels under ocean bills of lading.

4.  Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, ocean freight, wharfage and dockage, detention and demurrage and related charges with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to The Act.

5.  Plaintiff MAERSK is informed and believes and thereupon alleges that Defendant APEX MARITIME CO. (LAX), INC. (hereinafter "APEX LAX") is a California corporation with an office within this District and is, and at all material times was, doing business within the Court's jurisdiction. At all material times, APEX LAX was engaged in the business of a non-vessel operating common carrier and/or freight forwarder.

6.  Plaintiff MAERSK is informed and believes and thereupon alleges that Defendant APEX MARITIME CO., LTD. (TIANJIN) CO., INC. (hereinafter "APEX TIANJIN") is a foreign corporation with an office in Tianjin, People's Republic of China ("PRC"), and is, and was at all material times engaged in the business of a non-vessel operating common carrier and/or freight forwarder and doing business within the Court's jurisdiction.

7.  Plaintiff MAERSK is informed and believes that Defendants were at all material times the shippers, holders, consignees, or receivers of the cargo, and/or person owning or entitled to the possession of the cargo and related bills of lading, and/or the person or entity acting on behalf of such persons. The Defendants, and each of them, were the entities for whose account the

transportation services were provided by MAERSK, and were the entities responsible for payment of the charges relating to the cargo. Each Defendant is believed to be the agent or alter ego of each remaining Defendant.

## BACKGROUND

8. In March 2016, Defendant APEX TIANJIN, as the shipper, booked three containers of cargo for shipment with MAERSK for carriage from Xingang, PRC, to Chicago, Illinois. APEX TIANJIN represented and warranted that the cargo in the containers consisted of "L-Threonine Granular 98.5%." Defendant APEX LAX was named as the consignee of the cargo. MAERSK agreed to transport the three containers pursuant to its bill of lading no. MAEU 592084780 and the terms and conditions thereof, true and correct copies of which are attached hereto as Exhibit "A".

9. MAERSK received the three ocean containers, already loaded and sealed, on or about March 20, 2016, and carried the containers on the vessel MSC EVA from Xingang to Prince Rupert, Canada, and then by rail from Canada to Chicago. The carriage of the containers by MAERSK was undertaken pursuant to the terms and conditions of MAERSK bill of lading no. MAEU 592084780 and applicable service contracts.

10. MAERSK fully performed all its obligations under the aforesaid contracts of carriage, except those obligations, if any, which it was excused from performing.

11. The three containers arrived at Chicago in due course. Despite receiving a notice of arrival of the cargo, the Defendants, and each of them, refused and failed to accept delivery of the cargo.

12. MAERSK thereafter learned that the cargo was not L-Threonine Granular 98.5%, as declared to MAERSK, but rather consisted of calcite or calcium carbonate.

///

13. On or about May 18, 2016, APEX LAX agreed in writing, *inter alia*, to pay all "freight, demurrage and other charges due under the ... Bill(s) of Lading..." (hereinafter the "Indemnity Agreement"). A true and correct of the Indemnity Agreement is attached hereto as Exhibit "B".

14. As a result of the failure of the Defendants to accept delivery of the cargo, and their mis-declaration of the nature of the cargo, MAERSK arranged for the disposal of the cargo in November 2016.

15. MAERSK has incurred damages, including detention, demurrage, storage charges, disposal costs, and other charges and expenses, fees and costs due and owing by Defendants to MAERSK in an amount not less than $170,514.34.

## FIRST CAUSE OF ACTION

### (For Breach of Bill of Lading/Breach of Warranty Against All Defendants)

16. MAERSK refers to paragraphs 1 through 15 of this complaint and incorporates them herein by this reference.

17. The transportation of the three containers described hereinabove was performed pursuant to a bill of lading and/or service contract between MAERSK and Defendants.

18. MAERSK has fully performed its obligations under said contracts except those obligations, if any, which it was excused from performing.

19. MAERSK has demanded that Defendants pay the amount due under said contracts, and the Defendants have refused to pay said amount.

20. As a proximate result of Defendants' breach of said contracts, including the warranties therein, and the matters set forth herein, Defendants are liable to MAERSK in an amount not less than $170,514.34, plus reasonable attorneys' fees, costs and expenses incurred as a result of Defendant's breaches and in collecting said amount and interest thereon.

///

## SECOND CAUSE OF ACTION

**(For Money Due Under Tariff & Service Contracts**

**Against All Defendants)**

21. MAERSK refers to paragraphs 1 through 20 of this complaint and incorporates them herein by this reference.

22. MAERSK transported and carried the aforesaid cargo from Chicago to Shanghai, PRC, at the request of the Defendants and subject to the rates and charges in its tariffs and/or service contract with Defendants.

23. Under the said tariffs and service contract, MAERSK is entitled to recover freight, demurrage, detention, port and terminal storage charges, and any other damages, liabilities, charges, penalties, costs, expenses and fees arising from the carriage of the cargo and Defendants' failure to accept delivery of the cargo.

24. Despite demand for payment, Defendants have failed to pay MAERSK amounts due under the tariffs and service contracts in an amount not less than $170,514.34, plus reasonable attorneys' fees, costs and expenses incurred in collecting said charges and interest thereon.

## THIRD CAUSE OF ACTION

**(For Work and Labor Performed/**

**Quantum Meruit Against All Defendants)**

25. MAERSK refers to paragraphs 1 through 24 of this complaint and incorporates them herein by this reference.

26. Within the last four (4) years, Defendants became indebted to MAERSK for work and labor provided by MAERSK to Defendants at the request of and for the benefit of Defendants, which Defendants agreed to pay MAERSK.

27. Despite due demand, the sum of not less than $170,514.34 is now due, owing and unpaid for said work and labor.

///

///

## FOURTH CAUSE OF ACTION

### (For Open Book Account Against All Defendants)

28. MAERSK refers to paragraphs 1 through 27 of this complaint and incorporates them herein by this reference.

29. Within the last four (4) years, Defendants became indebted to Plaintiff on an open book account, which Defendants agreed to pay.

30. Despite due demand, the sum of not less than $170,514.34 is now due, owing and unpaid on said open book account.

## FIFTH CAUSE OF ACTION

### (For Breach of Indemnity Agreement Against Defendant APEX LAX)

31. MAERSK refers to paragraphs 1 through 30 of this complaint and incorporates them herein by this reference.

32. On or about May 18, 2017, Defendant APEX LAX agreed in writing, *inter alia*, to pay MAERSK "all freight, demurrage and other charges under the [MAERSK] Bill(s) of Lading; including providing [MAERSK] with adequate funds in advance for any costs, expenses, or fees to be incurred by you or payable to any 3rd party in respect or [sic] your sale or disposal of the cargo...."

33. MAERSK has fully performed its obligations under said Indemnity Agreement, except those obligations, if any, which MAERSK was excused from performing.

34. MAERSK has demanded that Defendant pay the amount due under said Indemnity Agreement, and Defendant has refused to pay thereon.

35. As a proximate result of Defendant's breaches of said Indemnity Agreement, Defendant is liable to MAERSK in an amount not less than $170,514.34, plus interest thereon.

///

///

///

WHEREFORE, Plaintiff MAERSK prays for judgment on its Complaint as follows:

1. For judgment in the principal amount of $170,514.34;
2. For the costs of collection, including attorneys' fees, according to proof;
3. For the costs of suit, according to proof;
4. For pre-judgment and post-judgment interest;
5. For reasonable attorneys' fees; and
6. For such other and further relief as this Court may deem just and proper.

Dated: November 20, 2017

MOGHADDAM & JORGENSEN LLP

By: /s/ B. Alexander Moghaddam
B. Alexander Moghaddam
Attorneys for Plaintiff
MAERSK LINE A/S