GARBARINI FITZGERALD P.C.
250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

April 4, 2019

VIA ECF

Honorable Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: *Simon J. Burchett Photography, Inc. v. A.P, Moller Maersk A/S*, 19-cv-1576 (DAB)
        Update Request to File a Voluntary Dismissal

Your Honor:

    I represent the plaintiff in the above-matter, and write to inform the Court that the defendant consents to a voluntary withdrawal, however, defendant has consented on the condition that plaintiff pay defendant the attorneys' fees incurred in this action. See Exhibit 1.

    There is no ground for defendant's baseless money grab. The Copyright Act states that in its discretion a court may "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505 (1988). "But prevailing defendants are awarded attorneys' fees only where the plaintiff's suit was brought in bad faith or was a baseless or frivolous action". *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir. 1986).

    First, the Honorable Jed S. Rakoff has reconsider his dismissal of defendant with prejudice in that matter, and has now dismissed defendant without prejudice. Consequently, no claims of plaintiff what-so-ever were released in that matter.

    Second, there was substantial support for this Court's subject matter jurisdiction, when the Complaint in this matter was filed on February 20, 2019. (Dkt. No. 1). Several Courts within the Southern District have allowed the filing of Complaint on a filed application only. See *Diamond Collections, LLC v. Underwraps Costume Corp*., 629, 631 (S.D.N.Y. 2016) ("It is hard to see what public, private, or statutory interest is served or harmed by requiring [plaintiff] to wait, and re-file his action after his application is approved or denied, when he has already done everything he can to obtain that result."); *Diamond Collection, LLC v. Underwraps Costume Corp*., No. 17-CV-0061(JS)(SIL), 2019 WL 347503, at *3 (E.D.N.Y. Jan. 22, 2019) ("[G]iven that the claimant who has submitted an application that has yet to be acted upon at that juncture has done all that she can do, and will ultimately be allowed to proceed [on other claims] regardless of how the Copyright

Office treats her application, it makes little sense to create a period of "legal limbo" in which suit is barred.") (citation omitted).

It was not until the decision of the United States Supreme Court dated March 5, 2019 that a pending application was held to be insufficient to satisfy the jurisdictional prerequisites of 17 USC 411. See *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, __ S.Ct. __, 2019 U.S. Lexis 1730 (S. Ct.), 2019 WL 1005829 (S. Ct.). While ". . .the Second Circuit ha[d previously] avoided taking a position on the question", *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014),on May 21, 2019, the Court followed *Fourth Estate Publ.* in its decision titled *Rock v. Enfants Riches Deprimes, LLC*, 2019 U.S. Dist. Lexis 47127 @ pg. 4 (May 21, 2019 2d. Cir.)

In February 2019, however, when this matter was filed, the prevailing law was subject matter jurisdidiction was vested in this Court under 17 USC s. 411 on a filed application. The filing of this matter was therefore not frivolous or in bad faith.

Adiionaly, as stated at length in my prior correspondence, defendant's assertion that the prior settlement agreement covers the claims here is impossible. The plain language of the prior Agreement released MAERSK's "alleged unauthorized publication of any and all of RELEASOR's **copyrighted images** . . . **existing** . . . **as of the Effective Date**". The image at issue here has yet to be granted or denied a copyright. That is the very reason for the request to withdraw. Again, the claims are not frivolous or in bad faith. Similarly, the arbitration clause covers only issues related to the released claims. This action may properly proceed, and cannot, respectfully, be subject to the arbitration provision.

As for personal jurisdiction, and whether Maersk Line A/S should be added as a party defendant, are both issues the parties can seek to resolve prior to re-filing. Neither represents the basis for a claim that the within matter is baseless. MAERSK is the largest shipping company in the world; it's a bit disingenuous to demand money on a claim of no personal jurisdiction. Particularly when its primary subsidiary, which is advertised on the MAERSK website, delivers containerships full of goods to Staten Island dozens of times each year. It is more disingenuous for MAERSK to make the claim it delivers no goods, without disclosing the fact that its primary subsidiary does.

In light of the defendant's consent to withdrawal, plaintiff respectfully requests this Court allows the parties to voluntarily withdraw, and ignores the extortionate and base-less demand by defendant for attorney's fees.

GARBARINI FITZGERALD P.C.

By: /s/ Richard M. Garbarini
     Richard M. Garbarini

cc: Defendant via ECF.