# Morgan Lewis

**Zoe Phillips**
+1.212.309.6783
Zoe.phillips@morganlewis.com

April 23, 2019

**VIA ECF**

Honorable Deborah A. Batts
U.S. District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*,
            Case No. 1:19-cv-01576-DAB (previously Case No. 1:18-cv-12134-JSR)

Dear Judge Batts:

      We represent Defendant A.P. Moller Maersk A/S ("APMM"). Pursuant to your Honor's Order of April 16, 2019, ECF No. 15, we write to respond to the letters submitted by Plaintiff's counsel seeking the Court's "permission to file a motion to voluntarily withdraw this matter pursuant to Rule 41(a)(2)." ECF Nos. 13 & 14. While APMM certainly wants this frivolous action dismissed, as set forth below, the dismissal should be *with prejudice* in light of the parties' settlement agreement, which contains an arbitration clause, and APMM should be awarded its fees and costs.

      On December 18, 2018, APMM and Plaintiff entered into a Settlement and Release Agreement, whereby Plaintiff released all claims against APMM for the "alleged unauthorized publication of any and all of [Plaintiff's] copyrighted images of the Estelle Maersk. . . ." ECF No. 12-1 at 1. Given that copyright protection begins when an author creates a work and registration is irrelevant to the existence of a copyright, *see* 17 U.S.C. § 408 ("registration is not a condition of copyright protection"), the Settlement and Release Agreement resolved all of Plaintiff's claims relating to photographs of the Estelle Maersk. The agreement was drafted by Plaintiff's counsel, and it includes an arbitration provision. ECF No. 12-1 at 6, § 20.

      Notwithstanding the settlement, on January 21, 2019, Plaintiff's counsel threatened to sue APMM in federal court. APMM advised Plaintiff's counsel that it had complied with the agreement and reminded him of the arbitration clause. On January 28, 2019, Plaintiff filed claims against APMM in a related action before the Honorable Jed S. Rakoff, Case No. 18-CV-12134 for: (i) copyright infringement with respect to a photograph of the Estelle Maersk, and (ii) breach of the Settlement and Release Agreement. *See* Case No. 18-CV-12134, ECF No. 14. On February 11, 2019 – before Plaintiff had effected service on APMM – Judge Rakoff dismissed that case "without prejudice to being reinstated if plaintiff's counsel provides the Court, within three (3) business days of the signing of this Order, with a sworn affidavit indicating why he has not appeared or responded to the Court's communications." Case No. 18-CV-12134, ECF No. 16. (Plaintiff did not comply with that Order. Instead, Plaintiff appealed the Order, then moved for reconsideration of the Order, then attempted to withdraw his appeal to allow Judge Rakoff to rule on the motion.)

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178
United States

T +1.212.309.6000
F +1.212.309.6001

On February 20, 2019, Plaintiff filed this action against APMM alleging copyright infringement with respect to photographs of the Estelle Maersk. ECF No. 1. On February 26, 2019, APMM filed a letter pursuant to Local Civil Rule 1.6 informing the Court of the related case before Judge Rakoff. ECF No. 7. On February 28, 2019, Plaintiff filed an Amended Complaint. ECF No. 9. On March 15, 2019, APMM filed a motion to dismiss this action for (i) insufficient service of process; (ii) lack of personal jurisdiction; (iii) lack of subject matter jurisdiction (in light of the arbitration clause in the Settlement and Release Agreement; and (iv) failure to state a claim upon which relief can be granted. ECF Nos. 10-12. To date, Plaintiff has not opposed APMM's Motion to Dismiss.

On March 25, 2019, Plaintiff submitted a letter requesting the Court's "permission to file a motion to voluntarily withdraw this matter pursuant to Rule 41(a)(2)." ECF No. 13 at 1. On April 4, 2019, Plaintiff's counsel offered to settle the claims against APMM for an additional payment of $15,000. *See* April 4, 2019 Email from R. Garbarini to D. Marston (Exhibit 1 hereto). APMM rejected that demand because it "already paid your client to settle all claims relating to the Estelle Maersk photographs." *See* April 4, 2019 Email from D. Marston to R. Garbarini (Exhibit 1 hereto). APMM also demanded that Plaintiff reimburse APMM for the fees and costs it incurred preparing the Motion to Dismiss, which it was forced to file on March 15, 2019 as a result of Plaintiff's improper actions. Plaintiff's counsel immediately sent this Court another letter accusing APMM of making a "baseless money grab" and requesting that the Court allow the parties to voluntarily withdraw this action. ECF No. 14. Plaintiff's letter included a redacted version of the parties email exchange on April 4, 2019. *See* ECF No. 14-1.

As noted above, APMM already paid Plaintiff to settle all claims relating to Plaintiff's photographs of the Estelle Maersk. After the parties executed the Settlement and Release Agreement, Plaintiff improperly filed two complaints against APMM in federal court seeking to assert the very claims that were released in the settlement. Plaintiff's actions are improper and APMM is entitled to recover the attorneys' fees and costs it incurred in connection with these baseless claims. *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Plaintiff's counsel's multiple requests for the Court's "permission to file a motion to voluntarily withdraw this matter pursuant to Rule 41(a)(2)," ECF Nos. 13 & 14, are additional examples of his improper conduct. Plaintiff does not need the Court's permission, or APMM's consent, to withdraw this action. Pursuant to Rule 41(a)(1)(A)(i), Plaintiff can simply file a Notice of Dismissal because APMM has not yet served an answer or a motion for summary judgment. Plaintiff's attempt for force APMM to consent to his withdraw or to have the Court order it, appears to be nothing more than an improper attempt to (i) excuse his failure to respond to the pending Motion to Dismiss, and (ii) avoid potential liability for APMM's fees and costs. As noted above, APMM reserves its right to recover the attorneys' fees and costs that it has incurred in connection with this baseless action.

Respectfully,

/s/ Zoe Phillips

Zoe Phillips

cc: Counsel of record (via ECF)