# Morgan Lewis

**Zoe Phillips**
+1.212.309.6783
zoe.phillips@morganlewis.com

February 25, 2020

**VIA ECF**

Honorable Katherine Polk Failla
U.S. District Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*, Case No. 1:19-cv-01576-KPF

Dear Judge Failla:

We represent Defendant A.P. Moller Maersk A/S ("APMM"), and write to respond to the letter from Plaintiff's counsel seeking permission to "withdraw the prior request to file a Notice of Dismissal pursuant to Fed.R.C.P. 41, and instead amend the operative complaint . . . ." ECF No. 21 at 2.[1] Plaintiff has already filed one amended complaint, and APMM opposes any further amendment of the complaint for the reasons set forth below.

On December 18, 2018, APMM and Plaintiff entered into a Settlement and Release Agreement, whereby Plaintiff released all claims against APMM for the "alleged unauthorized publication of any and all of [Plaintiff's] copyrighted images of the Estelle Maersk. . . ." ECF No. 12-1 at 1. Given that copyright protection begins when an author creates a work and registration is irrelevant to the existence of a copyright, *see* 17 U.S.C. § 408 ("registration is not a condition of copyright protection"), the Settlement and Release Agreement necessarily resolved all of Plaintiff's claims relating to photographs of the Estelle Maersk. The agreement was drafted by Plaintiff's counsel, and it includes an arbitration provision. ECF No. 12-1 at 6, § 20.

Notwithstanding the settlement, on January 28, 2019, Plaintiff filed claims against APMM in a related action before the Honorable Jed S. Rakoff, Case No. 18-CV-12134 for: (i) copyright infringement with respect to a photograph of the Estelle Maersk, and (ii) breach of the Settlement and Release Agreement. *See* Case No. 18-CV-12134, ECF No. 14. Plaintiff did not serve APMM with the complaint in that action. Instead, at Plaintiff's request, the case was subsequently dismissed without prejudice as to APMM "so that the parties may proceed to the agreed upon arbitration." Case No. 18-CV-12134, ECF Nos. 24 & 25. Nearly one year later, Plaintiff still has not initiated arbitration against APMM.

---

[1] Under the Federal Rules of Civil Procedure, Plaintiff did not need the Court's permission, or APMM's consent, to withdraw this matter. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178
United States

T +1.212.309.6000
F +1.212.309.6001

On February 20, 2019, Plaintiff filed this action against APMM alleging copyright infringement with respect to photographs of the Estelle Maersk. ECF No. 1. On February 28, 2019, Plaintiff filed an Amended Complaint. ECF No. 9. On March 15, 2019, APMM filed a motion to dismiss this action for (i) insufficient service of process; (ii) lack of personal jurisdiction; (iii) lack of subject matter jurisdiction (in light of the arbitration clause in the Settlement and Release Agreement; and (iv) failure to state a claim upon which relief can be granted. ECF Nos. 10-12. Plaintiff did not oppose APMM's Motion to Dismiss. On May 9, 2019, Judge Batts denied Plaintiff's request to file an untimely response to the Motion to Dismiss. ECF No. 20; *see also* ECF No. 19.

As noted above, APMM already paid Plaintiff to settle all claims relating to Plaintiff's photographs of the Estelle Maersk. After the parties executed the Settlement and Release Agreement, Plaintiff improperly filed two complaints against APMM in federal court seeking to assert the very claims that were released in the settlement. Plaintiff's actions are improper and APMM is entitled to recover the attorneys' fees and costs it incurred in connection with these baseless claims. *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").[2]

APMM opposes any further amendment of the complaint in this action and respectfully requests that the Court dismiss this action for the reasons set forth in APMM's Motion to Dismiss, which was filed nearly one year ago and never opposed by Plaintiff. ECF Nos. 10-12.

Respectfully,

*/s/ Zoe Phillips*
Zoe Phillips

cc: Counsel of record (via ECF)

---

[2] From June 2018 to present, Plaintiff and its counsel have filed 20 copyright infringement actions in the U.S. District Court for the Southern District of New York.