UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SIMON J. BURCHETT PHOTOGRAPHY, INC., | |
|---|---|
| Plaintiff, | 19 Civ. 1576 (KPF) |
| -v.- | **ORDER** |
| A.P. MOLLER MAERSK A/S, | |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

    The Court, which was recently reassigned this matter, notes at the outset its unusual procedural posture. On February 28, 2019, Plaintiff filed an Amended Complaint. (Dkt. #9). On March 15, 2019, Defendant filed a motion to dismiss the Amended Complaint. (Dkt. #10). On March 25, 2019, Plaintiff filed a letter seeking leave to file a motion to voluntarily dismiss the matter without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. #13). Plaintiff did not, however, voluntarily dismiss the action, despite having the right to do so without order of the Court pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The parties filed several letters concerning Plaintiff's application to voluntarily dismiss the action, but Plaintiff failed to file any papers opposing Defendant's motion to dismiss. (Dkt. #16, 17, 18, 19). These letters were followed by a period of inactivity from May 9, 2019, to February 21, 2020. On February 21, 2020, one day after the case was reassigned to this Court, Plaintiff filed a letter seeking to withdraw its request to voluntarily dismiss the matter and requesting that it be granted leave to file a second

amended complaint. (Dkt. #21). Defendant filed a letter in opposition on February 25, 2020 (Dkt. #22), and Plaintiff filed a reply letter on February 27, 2020 (Dkt. #23). Thus, pending before the Court are: (i) Defendant's motion to dismiss; and (ii) Plaintiff's motion for leave to file a second amended complaint.

The proffered basis for Plaintiff's motion for leave to file a second amended complaint is the fact that Plaintiff's copyright of the image in question was registered on March 18, 2019. (Dkt. #21; Dkt. #18). Plaintiff acknowledges that, at the time the Amended Complaint was filed, Plaintiff had applied for copyright registration of the image at issue, but registration had yet to issue. (Dkt. #21; Dkt. #13). Plaintiff further acknowledges that Section 411(a) of Title 17 of the United States Code provides that "no civil action for infringement of the copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). And the Supreme Court has recently clarified that a registration is not made pursuant to § 411(a) when an application for registration is filed; registration is made only when a copyright is actually registered. *Fourth Estate Public Benefit Corp.* v. *Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019). Thus, the issue that the Court must address is whether Plaintiff may cure the defect identified in the Amended Complaint — the fact that the operative complaint was filed before the copyright was registered — by filing a second amended complaint after registration was obtained.

In a recent, well-reasoned decision in *Malibu Media, LLC* v. *Doe*, No. 18 Civ. 10956 (JMF), 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019), Judge Jesse M.

Furman of this District addressed this same issue. There, Judge Furman found that that post-registration amendment of a complaint could not cure the defect in a complaint that was filed before a copyright was registered within the meaning of § 411(a). The Court fully agrees with Judge Furman's thorough and thoughtful analysis. Allowing Plaintiff to amend the Amended Complaint now, post-registration of the copyright, "would make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to filing suit." *Id.* at *2. For this reason, Plaintiff's motion for leave to file a second amended complaint is DENIED.

There remains Defendant's unopposed motion to dismiss, which argues that the Amended Complaint should be dismissed for several reasons, including: (i) Plaintiff has not adequately alleged personal jurisdiction; (ii) Plaintiff's claims are subject to an arbitration provision of a settlement agreement; and (iii) Plaintiff has failed to state a claim for relief because the Amended Complaint was prematurely filed, before the copyright was registered pursuant to § 411(a). *Fourth Estate*, *Malibu Media*, and Plaintiff's own admissions make clear that each of Plaintiff's Complaint and Amended Complaint was deficient at the moment of its filing, and thus would be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) even if the Court were to have jurisdiction over this matter.

Before the Court rules upon the unopposed motion to dismiss, however, it takes note that Plaintiff has suggested on multiple occasions that it wishes to voluntarily dismiss the action. Plaintiff is directed to notify the Court on or

before **March 9, 2020**, whether it still wishes to voluntarily dismiss the action. If it does, Plaintiff is directed either: (i) to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); or (ii) to request that the Court dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2) and provide the grounds upon which it believes the Court should do so. Defendant shall file its letter in opposition, if any, on or before **March 13, 2020**.

SO ORDERED.

Dated: March 2, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge