# GARBARINI FITZGERALD P.C.
250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

March 7, 2020

VIA ECF
and EMAIL to (Failla_NYSDChambers@nysd.uscourts.gov)

Honorable Katherine Polk Failla
United States District Judge
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S,* **1:2019-cv-01576**
**Plaintiff's Response to this Court's Order Dated March 2, 2020 (Dkt. No. 24)**

Your Honor:

I represent the plaintiff in this matter and write in response to this Court's Order pursuant to March 2, 2020. (Dkt. No. 24.) Two causes of action have been brought here against the defendant, the first for defendant's pre-registration infringement of the image titled _L4A0294 pursuant to the Copyright Act 17 U.S.C. §§102 et seq., and the second for pre-registration violations of 17 U.S.C. §§ 1020-05 (the "DMCA") also concerning the _L4A0294 image. (Dkt. Nos. 1 and 9.) Defendant moved to dismiss the claim of infringement only. (Dkt. No. 11.)

Plaintiff now respectfully requests to withdraw the pre-registration infringement claim with prejudice and pre-registration DMCA claim without prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

## I.   RULE 41(a)(2)

Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

### i.   **Both the Infringement Claim and DMCA Claim were Properly Interposed at Filing**

Plaintiff filed the original Complaint in this matter on February 20, 2019. (Dkt. No. 1.) On that date, the prevailing Second Circuit law held that "the Second Circuit ha[d previously] avoided taking a position on the question" and the Circuit Court went on to state "[w]e need not resolve the dispute or otherwise embroil ourselves in this circuit split [now]". *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). The Second Circuit acknowledged that other Circuit Courts of Appeal held post-application but pre-issue filing wad sufficient. *Id.* citing *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984) (Copyright Office's receipt of application suffices), *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488-89 (11th Cir. 1990) (approving district court's decision to allow suit to proceed only after plaintiff received Copyright

Office's response to registration application and amended the complaint). The reasoning of the other Circuit Courts is based on the fact that a party may proceed with litigation if the Register of Copyrights grants the registration or denies it. See *Id*.

Plaintiff made its original request to voluntarily withdraw to this Court on March 25, 2019. (Dkt. No. 13.) On March 21, 2019 the Second Circuit Court of Appeal for the first time found that an application for registration was insufficient for filing a case pursuant to 17 U.S.C. § 411(a) See *Rock v. Enfants Riches Deprimes, LLC*, 2019 U.S. Dist. Lexis 47127 @ pg. 4 (May 21, 2019 2d. Cir.). This comported with a recent decision by the United States Supreme Court dated March 5, 2019. See *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, __ S.Ct. __, 2019 U.S. Lexis 1730 (S.Ct.).

Being that plaintiff's request was made days after this Circuits and the Supreme Court's decisions, plaintiff satisfies any diligence requirement and this request is not in bad faith, put a practical response to the prevailing precedential change.

### ii. There was no "Undue Vexatiousness" by Plaintiff.

In determining "whether there is evidence of undue vexatiousness, the Court considers whether the party had 'ill-motive.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29 (S.D.N.Y. 2009) (quoting *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc*., 2008 U.S. Dist. LEXIS 67474, at *20 (S.D.N.Y. Sept. 2, 2008)). At bar, on March 21, 2019 the jurisdictional limitation of Section 411(a) changed in response to the Supreme Court's decision of March 5, 2019. Plaintiff's pursuit of the infringement claim became inefficient and impractical. This was not a litigation tactic, but a measured response to a change in the prevailing controlling precedent.

Respectfully, there was no "ill motive", but necessitated by controlling decisions made days before plaintiff's request. Moreover, plaintiff is seeking to withdraw this matter "with prejudice".

### iii. This matter had only progressed to the partial summary judgement phase and defendant has expended no effort and expense in preparation for trial.

Defendant submitted a motion for partial summary judgment as to the pre-registration infringement claim only. (Dkt. No. 11.) Defendant has not sought to dismiss the DMCA claim which was, and is, a viable claim not subject to the Section 411(a) Registration requirement. See *Krechmer v. Tantaros*, 747 Fed. Appx. 6, 2018 U.S. App. LEXIS 23956 (2d Cir. 2018). As this matter is in its infancy, this factor militates toward allowing plaintiff to voluntarily withdraw the pre-registration claims.

### iv. There will be no duplicative expenses of relitigation.

Clearly, this matter will be finally concluded as to the pre-registration infringement claim and there will be no duplicative expenses. To be very clear, plaintiff fully intends to bring a lawsuit against defendant regarding post-registration exploitation of the _L4A0294 image, which is not a part of this litigation. Plaintiff also plans to interpose claims regarding the infringement by defendant of the image titled _L4A0297, and a DMCA claim for both the _L4A0294 and L4A0297 images.

### a. Defendant will not be relitigating the infringement cause of action as set forth before this Court.

The proposed suit will allege a claim of post-registration infringement of two separate copyrighted images, both of which defendant exploited after the effective date of the prior settlement agreement. The post-registration claims concerning the _L4A0294 image have not been brought here. Defendant's recent exploitation of the _L4A0294 image subjects the defendant to statutory damages and attorney's fees. Similarly, defendant's recent exploitation of plaintiff's _L4A0297 image will also subjects the defendant to statutory damages and attorney's fees.

    **b**.    **Defendant's Motion to Dismiss the Infringement Claim Will Be Mooted**

Defendant sought to challenge: Point 1, the adequacy of service, Point 2, personal jurisdiction, Point 3, mandatory arbitration, Point 4, collateral estoppel, and Point 5, the lack of registration for the _L4A0294 image. Each of these points have been mooted.

Points 1 and 2: Will both be mooted by the voluntary withdrawal. Further, in April of 2019, after the U.S. Copyright Registration for the _L4A0297 image issued, defendant exploited the image by posting it on the Export Yellow Pages website. See Burchett Decl at ¶ 3. The address used by defendant to identify its business headquarters is "Maersk Line, Giralda Farms, Madison, NJ 07940, United States, TEL: (973) 514-5000". See Burchett Decl. at ¶ 5. This places defendant's post-registration infringement of the _L4A0294 image squarely in the United States.

Defendant is subject to jurisdiction under CPLR 302. This also demonstrates plaintiff's service on defendant in New jersey was sufficient.

Point 3: The prior settlement agreement did not contemplate future copyright infringement claims, and these claims are not subject to arbitration. Importantly, defendant expressly rejected to participate in arbitration. See Garbarini Decl. Ex. 1. Defendant cannot refuse to arbitrate the claims, and then seek to dismiss the lawsuit brought on the very claims it refused to arbitrate.

Point 4: Defendant was not a party in the matter before judge Rakoff, nor did that matter involve uses of the copyrighted images complained of here, or in the proposed lawsuit.

Point 5: The _L4A0294 image is now registered and defendant's fifth point is mooted. Further, the application for _L4A0297 application was assigned to plaintiff, but Mr. Simon Burchett is a resident of the United Kingdom (Burchett Decl. at ¶ 2) and the subject image is a foreign image exempt from Section 411(a). The registration issue could be cured simple by adding Mr. Burchett as a plaintiff.

    **II.**    **This Court Should Not Award Attorneys' Fees or Costs**

Costs and attorney's fees may be granted at the discretion of the Court in exceptional circumstances pursuant to 17 U.S.C. § 116 (1976) which provides:

> "In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

Section 116 mandates an award of costs to the "prevailing party." *H.M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 75 (2d Cir. 1963). As noted in the preceding discussion, a dismissal with prejudice on the pre-registration infringement claim has the effect of a final adjudication on the merits favorable to the defendant. In this circumstance, the defendant is deemed the prevailing party and may at the Court's discretion be entitled to recover its costs.

On the other hand, an award of attorney's fees under § 116 is not mandatory but rather a matter for the court's discretion. "In copyright cases, attorney's fees are generally not awarded to a successful defendant except as a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith." *Breffort v. I Had a Ball Co.*, 271 F. Supp. 623, 627 (S.D.N.Y. 1967).

Plaintiff's suit was clearly not baseless, frivolous, unreasonable or instituted in bad faith. Accordingly, defendant's request for attorney's fees should respectfully be denied. For similar reasons, defendant's request that it be awarded costs and attorney's fees related to its defense of the DMCA claim should be denied. Defendant did not even move to dismiss the DMCA claim.

### i. At No Time Were Plaintiff's Claims Frivolous

"[T]he courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Canal+ Image Uk Ltd. v. Lutvak*, 792 F. Supp. 2d 675 (S.D.N.Y. 2011)(quoting Silberstein, 536 F. Supp. 2d at 444). "In determining whether to award attorney's fees, a court may consider factors such as frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright..." *Id*. at 534 n.19. However, a "court may not award fees as a matter of course". *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985(2016)(citation omitted).

As stated previously, when this matter was filed on February 20, 2019 (dkt. No. 1), the prevailing precedent from the Second Circuit Court of Appeals did not preclude filing a matter after an application for registration was made, but before the registration issued. See *Psihoyos*, 748 F.3d 120, 125 (2d Cir. 2014). While the Second Circuit expressly refused to decide the issue of the registration requirement of Section 411(a), many courts did support the adequacy of such a filing. Consequently, the infringement claim was viable at the time of filing, and cannot be considered devoid of legal or factual basis or objectively unreasonable.

Further, defendant brought only a partial motion to dismiss the infringement claim only. Plaintiff's claim brought pursuant to 17 U.S.C. §§ 1202-05 (the "DMCA") was at all times viable, and sufficient to vest this Court with subject matter jurisdiction separate and apart from plaintiff's claim of copyright infringement. Specifically, "[t]he copyright registration requirement imposed by 17 U.S.C. § 411(a) is not a 12(b)(1) jurisdictional bar to a DMCA action." *Krechmer v. Tantaros*, 747 Fed. Appx. 6, 2018 U.S. App. LEXIS 23956 (2d Cir. 2018) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

The DMCA claim is also adequate.  Section 1202(a) of the DMCA provides that "no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—(1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). "Copyright management information" ("CMI") includes the name of the copyright owner—including as set forth in the notice of copyright—and the name of the author. 17 U.S.C. § 1202(c)(2), (c)(3).  Plaintiff plead that defendant repeatedly provided false CMI, and distributed the _L4A0297 with false CMI with the purpose of concealing the infringement.

Section 1202(b) states: "Removal or Alteration of Copyright Management Information.— No person shall, without the authority of the copyright owner or the law-(1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law…"

Here plaintiff has alleged, and in fact demonstrated, that defendant knowingly removed the CMI, distributed and otherwise exploited plaintiff's copyrighted image by giving high resolution copies to numerous third-parties and claiming in the metadata that defendant was the owner of the images.  Defendant enabled or facilitate infringement with the intent to conceal the infringement.

Both the infringement and DMCA claims were objectionably reasonable when the Complaint in this matter was filed.  Consequently, no award should be issued to defendant.  Plaintiff respectfully requests it be allowed to withdraw the pre-registration claim of infringement of the _L4A0297 image with prejudice and the DMCA claim without prejudice.

GARBARINI FITZGERALD P.C.

By: /s/ Richard M. Garbarini
      Richard M. Garbarini

cc: Defendant's Counsel via ECF.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,          Index No.: 1:2019-cv-01576 (KPF)

                       Plaintiff,              DECLARATION OF SIMON J.
                                               BURCHETT
              v.

A.P. MOLLER MAERSK A/S,

                       Defendants.
---------------------------------------------------------------x
```

I, Simon J. Burchett, hereby declare pursuant to 28 U.S.C. § 1746, and under the penalties of perjury, as follows.

1. I am the sole owner of the plaintiff in this action.

2. I am the photographer that captured the image titled "L4A0294" which is the subject of this litigation and a resident of the United Kingdom.

3. On or about February 26, 2020, while diligently researching an infringement of my image titled _L4A0297 utilizing a new image search engine, I found the below infringement of my _L4A0294 image under a section called "similar images".



4. After a phone call following up on the infringement, I was informed that in or about April 2019 defendant contracted for a "Premier Account" with The Export Yellow Pages and was responsible

for the upload of my copyrighted _L4A0294 image to the website and the copyright management information I permanently embedded in the image was removed.

5. The address used for defendant's headquarters was Maersk Line, Giralda Farms, Madison, NJ 07940, United States, TEL: (973) 514-5000.

6. Defendant is the only party who has ever been given a copy of my _L4A0294 image. Defendant, however, elected not to license my _L4A0294 image.

7. I declare under the penalty of perjury that the forgoing is true and correct.

EXECUTED ON

March 7, 2020

*Simon Burchett*

Simon J. Burchett

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,     Index No.: 1:2019-cv-01576 (KPF)

                           Plaintiff,     **DECLARATION OF RICHARD GARBARINI**

              v.

A.P. MOLLER MAERSK A/S,

                           Defendant.
-----------------------------------------------------------------x

        I, Richard Garbarini, hereby declare pursuant to 28 U.S.C. § 1746, and under the penalties of perjury, as follows.

1.     I am counsel to plaintiff in this matter and am fully familiar with all facts.

2.     Plaintiff requested on numerous occasions to arbitrate the within dispute. Defendant, at all times, refused to arbitrate. Attached as Exhibit 1 is a true and correct copy of one the emails from the counsel for defendant refusing to arbitration.

3.     I declare under the penalty of perjury that the forgoing is true and correct.

                                                               EXECUTED ON

                                                               March 7, 2020

                                                               Richard Garbarini

Exhibit 1

**Print** | **Close Window**

**Subject:** RE: Demand for Arbitration
**From:** "Marston Jr., David W." <david.marston@morganlewis.com>
**Date:** Wed, Jan 30, 2019 3:29 pm
**To:** Richard Garbarini <rgarbarini@garbarinilaw.com>

Understood. I get a lot of emails myself. Please communicate directly with me going forward.

I reviewed the emails between you and Ms. Barstow. Contrary to your statement below, Ms. Barstow did not request to "arbitrate all issues." Rather, she informed you that arbitration was required for the claim alleged in your email of January 21, 2019 at 2:22 p.m. (the alleged failure to use "best effort to remove all the images in the settlement agreement"). In her email, Ms. Barstow also informed you that A.P. Moller Maersk A/S ("APMM") complied with its obligation in Section 3 of the Settlement and Release Agreement dated December 18, 2018 to "make its best efforts to remove the Images from both its Flickr page and related Flickr Group pages." Therefore, your claim that APMM failed to use "best effort to remove all the images" is without merit.

I have also reviewed the Complaint that you filed in federal court and your draft Demand for Arbitration. All of the claims against APMM set forth in these documents are covered by the Settlement and Release Agreement dated December 18, 2018. Therefore, we demand that you immediately withdraw the Complaint that you filed in federal court. APMM does not agree to waive service of process in federal court and ==APMM does not agree to submit "a joint request for arbitration"== with respect to these frivolous claims. If you continue to pursue such claims in any forum, APMM will seek appropriate relief, including without limitation, recovery of its attorneys' fees and costs and appropriate sanctions against you and your client.

Regards,

**David W. Marston Jr.**
**Morgan, Lewis & Bockius LLP**
200 S. Biscayne Blvd. | Suite 5300 | Miami, FL 33131
Direct: +1.305.415.3443 | Fax: +1.305.415.3001

1701 Market Street | Philadelphia, PA 19103
Direct: +1.215.963.5937 | Fax: +1.215.963.5001
david.marston@morganlewis.com | www.morganlewis.com

---

**From:** Richard Garbarini <rgarbarini@garbarinilaw.com>
**Sent:** Wednesday, January 30, 2019 12:16 AM
**To:** Marston Jr., David W. <david.marston@morganlewis.com>
**Subject:** Re: Demand for Arbitration

[EXTERNAL EMAIL]
Mr. Marston:

I do apologize. There are 120 emails from today I haven't had time to work through until now.

The demand for arbitration sent earlier is based on the prior settlement agreement requiring arbitration at JAMS NYC. Ms. Barstow requested we arbitrate all issues, so I assume notice is unnecessary. Instead, we can put in a joint request for arbitration.

Let me know your client's position.

Richard Garbarini

Garbarini FitzGerald P.C.

On Jan 29, 2019, at 7:53 PM, Marston Jr., David W. <david.marston@morganlewis.com> wrote:

> Mr. Garbarini –
>
> As I informed you in my email at 2:17 p.m. today, I have been retained to represent A.P. Moller Maersk A/S in connection with this matter. Ms. Rachelle Barstow is no longer serving as counsel to A.P. Moller Maersk A/S in connection with this matter, rather, she is my client. Therefore, as stated in my earlier email, all communications must be directed to me.
>
> Regards,
>
> **David W. Marston Jr.**
> **Morgan, Lewis & Bockius LLP**
> 200 S. Biscayne Blvd. | Suite 5300 | Miami, FL 33131
> Direct: +1.305.415.3443 | Fax: +1.305.415.3001
>
> 1701 Market Street | Philadelphia, PA 19103
> Direct: +1.215.963.5937 | Fax: +1.215.963.5001
> david.marston@morganlewis.com | www.morganlewis.com
>
>> **From:** Richard Garbarini <rgarbarini@garbarinilaw.com>
>> **Date:** January 29, 2019 at 5:51:33 PM EST
>> **To:** Rachelle Barstow <Rachelle.Barstow@maersk.com>
>> **Subject: Demand for Arbitration**
>>
>> Rachelle:
>>
>> Assuming Maersk is amenable to arbitrating all claims, I have enclosed a demand for arbitration form. If you could just fill in the Maersk information at the top, we can submit this as a joint demand. Under the JAMS rules (which are incorporated into the agreement) the parties will split all costs. So I will need a check for $750 from Maersk for its share of the filing fee.
>>
>>
>> **Richard Garbarini**
>> GARBARINI FITZGERALD P.C.
>> 250 Park Avenue
>> 7th Floor
>> New York, New York 10177
>> Office : 212.300.5358
>> Fax : 212.731.0278
>> www.garbarinilaw.com
>> *certa bonum certamen*
>>
>> CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is NOT the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying

of this communication is strictly prohibited. If you have received this communication in error, please notify the GARBARINI FITZGERALD immediately by telephone at 212.300.5358 and delete this message from your system.

The information contained in this message is privileged and intended only for the recipients named. If the reader is not a representative of the intended recipient, any review, dissemination or copying of this message or the information it contains is prohibited. If you have received this message in error, please immediately notify the sender, and delete the original message and attachments.

Maersk will as part of our communication and interaction with you collect and process your personal data. You can read more about Maersk's collection and processing of your personal data and your rights as a data subject in our privacy policy

Please consider the environment before printing this email.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Copyright © 2003-2020. All rights reserved.