# Morgan Lewis

**Zoe Phillips**
+1.212.309.6783
Zoe.phillips@morganlewis.com

March 11, 2020

**VIA ECF**

Honorable Katherine Polk Failla
U.S. District Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*,
Case No. 1:19-cv-01576-KPF

Dear Judge Failla:

We represent Defendant A.P. Moller Maersk A/S ("APMM"), and write to respond to the letter from Plaintiff's counsel dated March 7, 2020 and filed March 9, 2020 (ECF No. 26), seeking the Court's approval to withdraw the above-referenced action pursuant to Fed. R. Civ. P. 41(a)(2).

As an initial matter, we must correct two inaccuracies in Plaintiff's letter. First, Plaintiff states that APMM "moved to dismiss the claim of infringement only." ECF No. 26 at 1, 2 & 4. That is false. APMM's unopposed motion to dismiss was directed to *all* claims in Plaintiff's Complaint. *See* ECF Nos. 10-12. Second, Plaintiff states that APMM "expressly rejected to participate in arbitration," ECF No. 26 at 3, and submits a *sworn* declaration from Plaintiff's counsel stating that "Plaintiff requested on numerous occasions to arbitrate the within dispute. Defendant, at all times, refused to arbitrate." ECF No. 28. That is also false. As the emails Plaintiff's counsel attached to his declaration make clear, APMM actually informed Plaintiff's counsel that "arbitration was required. . . ." *Id.* at 3. APMM's rejection of Plaintiff's request to submit a "joint request for arbitration" (and pay half of the filing costs) is not a refusal to arbitrate. Plaintiff does not need APMM's permission to initiate arbitration any more that it needs APMM's permission (or the Court's permission for that matter) to withdraw this case. *See* ECF No. 24 at 1 (citing Fed. R. Civ. P. 41(a)(1)(A)(i)).

Plaintiff's counsel appears to be seeking the Court's approval to withdraw this case under Fed. R. Civ. P. 41(a)(2), in the hopes that he can avoid an award of fees and costs in APMM's favor for this frivolous action. APMM does not oppose the Court's dismissal of this action, and APMM does not intend to move to recover its fees and costs *at this time*. As noted above, however, APMM already paid Plaintiff to settle all claims relating to Plaintiff's photographs of the Estelle Maersk. *See* ECF No. 12-1 at 1. After the parties executed the Settlement and Release Agreement, Plaintiff improperly filed two complaints against APMM in federal court seeking to assert the very claims that were released in the settlement. In his March 7, 2020 letter, Plaintiff's counsel states that Plaintiff "***fully intends***" to bring yet another lawsuit against APMM concerning the photographs of the Estelle Maersk. ECF No. 26 at 2 (emphasis added). To the extent Plaintiff does so, APMM reserves its right to recover all of the attorneys' fees and costs incurred in this action and any future action under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, Fed. R. Civ. P. 41(d), 17 U.S.C. § 505 (1976), and any other applicable authority.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178
United States

T +1.212.309.6000
F +1.212.309.6001

      Accordingly, APMM respectfully requests that the Court enter the proposed order (submitted herewith, ECF No. 31) dismissing this action pursuant to Fed. R. Civ. P. 41(a)(2).[1]

Respectfully,

*/s/ Zoe Phillips*

Zoe Phillips

cc:    Counsel of record (via ECF)

---

[1] Note that several of the references to the Copyright Act in Plaintiff's counsel's letter (ECF No. 26) and his Notice of Voluntary Dismissal With Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF No. 29) are inapplicable and appear to refer to the Copyright Act of 1952, not the Copyright Act of 1976. For example, 17 U.S.C. § 116, cited in Plaintiff's counsel', is not applicable. The Copyright Act's provision addressing the award of fees and costs to the prevailing party is found at 17 U.S.C. § 505.