UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIMON J. BURCHETT PHOTOGRAPHY, INC.,

              Plaintiff,

-v.-

A.P. MOLLER MAERSK A/S,

              Defendant.

19 Civ. 1576 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

    On March 2, 2020, the Court entered an Order requiring that Plaintiff notify the Court on or before March 9, 2020, whether it would voluntarily dismiss the action. (Dkt. #24). On March 9, 2020, Plaintiff filed a motion to voluntarily dismiss the action by court order pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. #26). Plaintiff requested that the Court order that his cause of action brought under the Copyright Act be dismissed with prejudice, and that his cause of action brought under the Digital Millennium Copyright Act (the "DMCA") be dismissed without prejudice. (*Id.*). Plaintiff also requested that the Court enter as a condition of the dismissal that the parties would bear their own attorneys' fees and costs. (*Id.*). On March 11, 2020, Defendant filed a letter, consenting to the dismissal with prejudice of Plaintiff's Copyright Act claim and dismissal without prejudice of the DMCA claim. (Dkt. #30). Defendant argued, however, that it should not be ordered to bear its own attorneys' fees and costs. (*Id.*). Instead, Defendant argued that, while it does not intend to seek attorneys' fees at this time, that the order of dismissal

should state: "To the extent Plaintiff files another lawsuit relating to the matters addressed in the Amended Complaint, Defendant may file a motion to recover the attorneys' fees and costs it incurred in this action as well as any future action." (Dkt. #31).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, "[e]xcept as provided in Rule 41(a)(1) [which describes voluntary dismissals made either before the defendant files a responsive pleading or on consent], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* Voluntary dismissal without prejudice is not a matter of right. However, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Paulino* v. *Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) (*quoting Banco Cent. De Paraguay* v. *Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649 (JFK), 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006)). "The focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant." *BD ex rel. Jean Doe* v. *DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000). The parties agree that the suit should be dismissed and that the Copyright Act claim should be dismissed with prejudice while the DMCA claim should be dismissed without prejudice. In light of this agreement, the Court will not disturb this condition of voluntary dismissal.

The parties disagree, however, whether they should be ordered to bear their own attorneys' fees and costs. The Court concludes that Defendant has the better end of the argument. Under the well-established "American Rule," which requires litigants to pay their own attorneys' fees, regardless of which party succeeds in court, courts generally do not award attorneys' fees as a condition of a dismissal with prejudice unless there is an independent statutory or contractual basis for doing so. *Colombrito* v. *Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985). But "[f]ee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." *Id.* at 133. Because Plaintiff seeks to dismiss its DMCA claim without prejudice, the Court does not believe that it is proper to include as a condition of dismissal that Defendant must bear its own attorneys' fees and costs. Fed. R. Civ. P. 41(a)(2). Thus, the Court will grant Plaintiff's motion for voluntary dismissal by Court order pursuant to Rule 41(a)(2), but will include as a condition Defendant's preferred language, allowing Defendant to seek attorney's fees and costs that it incurred in this action if Plaintiff files another lawsuit relating to the matters addressed in the Amended Complaint, rather than Plaintiff's preferred language, requiring both parties to bear their own attorneys' fees and costs. An Order to that effect will be issued under separate cover. The Court does not, however, suggest that it believes that any motion for attorney's fees filed by Defendant would be successful; the Court does not express any advisory opinion on that subject.

It is, however, "[P]laintiff, rather than the court, who has 'the choice between accepting the conditions and obtaining dismissal and, if [it] feels that

the conditions are too burdensome, withdrawing [its] dismissal motion and proceeding with the case on the merits.'" *Paysys Int'l. Inc.* v. *Atos IT Servs. Ltd.*, 901 F.3d 105, 109 (2d Cir. 2018) (quoting *GAF Corp.* v. *Transamerica Ins. Co.*, 665 F.2d 364, 367-68 (D.C. Cir. 1981)). Thus, Plaintiff may notify the Court on or before April 3, 2020, if it wishes to withdraw its motion for voluntary dismissal, in which case the Court will restore this matter to its active calendar.

SO ORDERED.

Dated: March 17, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge